# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | | |
|---|---|---|
| INFORMATION PLANNING AND<br>MANAGEMENT SERVICE INC.,<br>d/b/a EJ CAIMEN, | )<br>)<br>)<br>) | |
| Plaintiff, | ) | Case No. 2:15cv206 (RAJ/DEM) |
| v. | )<br>) | |
| DOLLAR GENERAL CORPORATION, | )<br>) | |
| Defendant. | )<br>) | |

## PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND
## TO STRIKE AFFIRMATIVE DEFENSE

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Plaintiff Information Planning and Management Service Inc. d/b/a EJ Caimen ("IPMS") moves to dismiss Count Two of Dollar General's Answer, Affirmative Defenses, and Counterclaim for a declaratory judgment for patent invalidity and to strike Defendant Dollar General Corporation's ("Dollar General's") related third affirmative defense of patent invalidity. *See* Fed. R. Civ. P. 12(b)(6) & (f). As set forth in greater detail in the accompanying Memorandum of Law, which is incorporated by reference herein, Dollar General's Answer, Affirmative Defenses and Counterclaim does not adequately plead a claim for patent invalidity or the related affirmative defense of patent invalidity of United States Patent No. 7,287,001. Accordingly, Dollar General's invalidity counterclaim should be dismissed and its related affirmative defense alleging unspecified claims are invalid, unenforceable, and/or void should be stricken.

Dated: August 20, 2015

                        SHEPPARD MULLIN RICHTER & HAMPTON LLP

                        By   /s/ Paul A. Werner
                             Paul A. Werner (VSB No. 48910)
                             Sheppard Mullin Richter & Hampton, LLP
                             2099 Pennsylvania Ave. NW, Suite 100
                             Washington, D.C. 20006
                             Tel: (202) 747-1931
                             Fax: (202) 747-3817
                             E-mail: pwerner@sheppardmullin.com

                             *Counsel for Plaintiff Information Planning &*
                             *Management Service Inc. d/b/a EJ Caimen*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August, 2015, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to all counsel of record, including:

Terry L. Clark
Bass, Berry & Sims PLC
1201 Pennsylvania Avenue NW, Suite 300
Washington, D.C. 20004
Tel: (202) 827-2950
Fax: (202) 478-0792
Email: tclark@bassberry.com

Paige W. Mills
R. Gregory Parker
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-7788
Fax: (615) 248-0439
Email: pmills@bassberry.com
       gparker@bassberry.com

*Counsel for Defendant*

    By  /s/ Paul A. Werner
       Paul A. Werner (VSB No. 48910)
       Sheppard Mullin Richter & Hampton, LLP
       2099 Pennsylvania Ave. NW, Suite 100
       Washington, D.C. 20006
       Tel: (202) 747-1931
       Fax: (202) 747-3817
       E-mail: pwerner@sheppardmullin.com

       *Counsel for Plaintiff Information Planning & Management Service Inc. d/b/a EJ Caimen*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| INFORMATION PLANNING AND MANAGEMENT SERVICE INC., d/b/a EJ CAIMEN, <br><br> Plaintiff, <br> v. <br><br> DOLLAR GENERAL CORPORATION, <br><br> Defendant. | Case No. 2:15cv206 (RAJ/DEM) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE AFFIRMATIVE DEFENSE**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Plaintiff Information Planning and Management Service Inc. d/b/a EJ Caimen ("IPMS") moves to dismiss Count Two of Dollar General's Answer, Affirmative Defenses and Counterclaim for a declaratory judgment for patent invalidity and to strike Defendant Dollar General Corporation's ("Dollar General's") related third affirmative defense of patent invalidity. *See* Fed. R. Civ. P. 12(b)(6) & (f). For the reasons set forth below, IPMS requests the Court to grant this Motion, dismiss Count Two of Dollar General's counterclaim, and strike Dollar General's third affirmative defense.

## I. INTRODUCTION AND BACKGROUND

IPMS filed this patent infringement action against Dollar General for its deliberate and willful infringement of United States Patent No. 7,287,001 ("the '001 Patent"), and its inducement of acts of infringement of the '001 Patent.

In its Answer, Affirmative Defenses and Counterclaim, Dollar General alleged, as a counterclaim and an affirmative defense, that unspecified claims of the '001 Patent are invalid,

-1-

unenforceable, and/or void. Specifically, Count Two of Dollar General's counterclaim announces the bare legal conclusion that "one or more of the claims of the '001 Patent are invalid because they fail to meet the patentability requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §[§] 101, 102, 103, and 112." Answer & Counterclaim at 10-11, ¶ 16. Similarly, Dollar General's third affirmative defense asserts, without any factual support, that "[e]ach and every claim of [the '001 Patent] is invalid, unenforceable, and/or void due to failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100, *et seq.*, including without limitation 35 U.S.C. §§ 101-103, 112, 116 and for double patenting." *Id.* at 6, ¶ 45. Nowhere does Dollar General allege any facts supporting either its invalidity counterclaim or related affirmative defense. Nor does Dollar General identify the particular claims of the '001 Patent it alleges are invalid, the bases for its invalidity allegations, or facts making those assertions conceivable, let alone plausible.

Accordingly, Dollar General's invalidity counterclaim should be dismissed and its related affirmative defense alleging unspecified claims are invalid, unenforceable, and/or void should be stricken.

## II. ARGUMENT

### A. Legal Standard.

A pleading that states a claim for relief, including a counterclaim, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 of the Federal Rules of Civil Procedure requires more than merely legal conclusions or a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, to survive a Rule 12(b)(6) motion to dismiss, the pleading must contain sufficient facts that, when accepted as true, establish a claim for relief

that is plausible on its face. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Likewise, Rule 12(f) of the Federal Rule of Civil Procedure authorizes a district court, on motion of a party, to "order stricken from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). Affirmative defenses are properly stricken "if they fail to meet the pleading requirements of Rules 8 and 9." *Palmer v. Oakland Farms, Inc.*, No. 10-cv-00029, 2010 WL 2605179, at *2 (W.D. Va. June 24, 2010) (citations omitted) (collecting cases); *Francisco v. Verizon S., Inc.*, No. 3:09-cv-737, 2010 WL 2990159, at *7-8 (E.D. Va. July 29, 2010) (applying the *Twombly/Iqbal* pleading standard to affirmative defenses).

Because Dollar General's pleading fails to meet these pleading standards, the Court should dismiss Count Two of its counterclaim for patent invalidity and strike its related affirmative defense.

**B.     Dollar General Fails To Allege Facts Sufficient To Support Its Invalidity Counterclaim Or Affirmative Defense.**

Dollar General's Answer, Affirmative Defenses and Counterclaim does not adequately plead a claim for, or the affirmative defense of, patent invalidity related to the '001 Patent. Dollar General's counterclaim and affirmative defense merely recite the formulaic elements of an invalidity claim, asserting that one or more of the claims of the '001 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and 112. But Dollar General does not allege any factual support for the claimed invalidities of the '001 Patent, or identify which of the statutory provisions apply. For example, while Dollar General refers to Sections 102 and 103 establishing the "novelty" and "non-obvious subject matter" conditions for patentability, it does not specify whether these serve as the grounds for its invalidity claim and defense, or identify any prior art that anticipates the

'001 Patent or renders it obvious. In short, nowhere does Dollar General allege any *facts* making its claims conceivable—much less, *as necessary*, plausible.

Indeed, Dollar General's laundry list of U.S. Code sections does not state a claim for relief or establish an affirmative defense, even under the more relaxed "notice" pleading standard predating *Twombly/Iqbal*. "Sections 101, 102, 103, and 112 offer numerous grounds for finding a patent invalid, and thus a defendant must provide a more specific statement of the grounds for invalidity in order to give the patent holder notice of the defense." *TecSec, Inc. v. Protegrity, Inc.*, No. 2:01-cv-233, 2001 WL 802064, at *2 (E.D. Va. June 27, 2001) (dismissing invalidity counterclaim and striking invalidity affirmative defense under Rule 8 and *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Dollar General does not come close to meeting this standard. *See id.*

And Dollar General's bare bones allegations certainly do not state a "plausible claim for relief" under *Twombly/Iqbal*'s more stringent pleading standard. *See, e.g.*, *Crye Precision LLC v. Duro Textiles, LLC*, No. 15-cv-1681, 2015 WL 3751658, *9-10 (S.D.N.Y. June 16, 2015) (dismissing accused infringer's bare bone invalidity counterclaim under *Twombly/Iqbal* where counterclaim failed to set forth sufficient facts to establish a plausible claim for relief); *Beco Dairy Automation, Inc. v. Global Tech Sys., Inc.*, No. 1:12-cv-01310, 2015 WL 925588, *8-9 (E.D. Cal. Mar. 3, 2015) (same); *Protomet Corp. v. Mastercraft Boat Co.*, LLC, No. 3:13-CV-532-PLR-CCS, 2014 WL 5325360, *2-3 (E.D. Tenn. Oct. 20, 2014) (same); *EMC Corp. v. Zerto, Inc.*, No. 12-cv-956, 2014 WL 3809365, *1-2 (D. Del. Jul. 31, 2014) (same); *Moody v. Aqua Leisure Intern.*, No. H-10-1961, 2012 WL 773154, *2 (S.D. Tex. Mar. 9, 2012) (same); *PPS Data, LLC v. Availity, LLC*, No. 3:11-cv-747, 2012 WL 252830, *1-3 (M.D. Fla. Jan. 26, 2012) (same); *Internet Media Corp. v. Hearst Newspapers, LLC,* No. 10–690–SLR, 2012 WL 3867165, at *2 (D. Del. Sept. 6, 2012) (same); *Cleversafe, Inv. v. Aplidata, Inc.*, 2011 U.S. Dist.

LEXIS 145995 (N.D. Ill. Dec. 20, 2011) ("[A]n invalidity counterclaim with no factual support cannot state a plausible claim for relief."); *Groupon Inc. v. MobGob LLC,* No. 10 C 7456, 2011 WL 2111986, at \*5 (N.D. Ill. May 25, 2011) (same); *Tyco Fire Prods. LP v. Victaulic Co.,* 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011) (same).

Accordingly, Dollar General's invalidly counterclaim should be dismissed and its related affirmative defense should be stricken.

### III.   CONCLUSION

For the reasons stated above, IPMS respectfully requests the Court to dismiss Count Two of Dollar General's counterclaim and strike Dollar General's third affirmative defense.

Dated: August 20, 2015

                                      SHEPPARD MULLIN RICHTER & HAMPTON LLP

                                      By   /s/ Paul A. Werner
                                           Paul A. Werner (VSB No. 48910)
                                           Sheppard Mullin Richter & Hampton, LLP
                                           2099 Pennsylvania Ave. NW, Suite 100
                                           Washington, D.C. 20006
                                           Tel: (202) 747-1931
                                           Fax: (202) 747-3817
                                           E-mail: pwerner@sheppardmullin.com

                                           *Counsel for Plaintiff Information Planning &*
                                           *Management Service Inc. d/b/a EJ Caimen*