IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

INFORMATION PLANNING AND
MANAGEMENT SERVICE INC.,

    Plaintiff,

v.                                                    CIVIL ACTION NO. 2:15cv206

DOLLAR GENERAL CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Information Planning and Management Service Inc.'s ("Plaintiff") Motion to Dismiss Counterclaim and Strike Affirmative Defense. For the reasons stated below, Plaintiff's Motion to Dismiss Count Two of the Counterclaim and to Strike the Third Affirmative Defense is **GRANTED**. However, Defendant is **GRANTED** leave to amend its Answer.

### I. FACTUAL AND PROCEDURAL HISTORY

On May 13, 2015, Plaintiff filed its Complaint alleging that Dollar General Corporation ("Defendant") committed patent infringement and tortious interference with a contract. ECF No. 1. Specifically, Plaintiff asserts that Defendant misrepresented to Foxfire Printing and Packaging, Inc. ("Foxfire"), a third party in contract with Plaintiff, that Defendant had a license to United States Patent No. 7,287,001 ("'001 patent"). Compl. ¶ 29. The '001 patent is assigned to Plaintiff. *Id.* at ¶ 20. Foxfire obtained a license for the '001 patent from Plaintiff and was in contract to pay Plaintiff for printed matter Foxfire provided to any unlicensed retailer. *Id.* at ¶ 34. Defendant's alleged misrepresentation that it held a license to the '001 patent caused Foxfire to infringe on the patent by not paying royalties to Plaintiff for Defendant's use of the '001

1

patent. *Id.* at ¶ 38. Plaintiff alleges that Defendant had knowledge of the contract between Plaintiff and Foxfire. *Id.* at ¶ 36.

On July 30, 2015, Defendant filed its Answer, Affirmative Defenses, and Counterclaims. ECF No. 13. Defendant asserted numerous affirmative defenses and two counterclaims requesting declaratory judgment of non-infringement and invalidity of the '001 patent. Answer ¶¶ 8-19. On August 20, 2015, Plaintiff filed the instant Motion to Dismiss Counterclaim and Strike Affirmative Defense requesting dismissal of count two of Defendant's counterclaim and its third affirmative defense, both alleging invalidity of the '001 patent. ECF No. 18. On August 31, 2015, Defendant filed its Response in Opposition. ECF No. 19. On September 3, 2015, Plaintiff filed its Reply. ECF No. 20. On September 15, 2015, Plaintiff filed a Notice of Hearing requesting that a hearing regarding this matter be held on October 13, 2015 at 9:30 am or as soon thereafter as it may be heard. ECF No. 21. The Court declined to conduct a hearing on this matter finding it sufficiently briefed in the pleadings.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of actions that fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The United States Supreme Court has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. Moreover, at the motion to dismiss stage, the court is bound to accept all of the factual allegations in the complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In considering a Rule 12(b)(6) motion to dismiss, the Court cannot consider "matters outside the pleadings" without converting the motion to a summary judgment proceeding. Fed. R. Civ. P. 12(d). Nonetheless, the Court may still "consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

### B. Motion to Strike

Rule 12(f) allows the court on its own or on motion to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). In granting a Rule 12(f) motion to strike, the court must determine that "the challenged allegations are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Grant v. Bank of Am., N.A.*, No. 2:13cv342, 2014 WL 792119, at *2 (E.D. Va. Feb. 25, 2014) (internal quotation marks and citations omitted). A

motion to strike usually requires a showing that denial of the motion would prejudice the moving party. *United States v. Gwinn*, No. 5:06-cv-00267, 2006 WL 3377636, at *1 (S.D. W. Va. Nov. 20, 2006). Prejudice may be demonstrated if the answer does not clearly articulate to which claims the affirmative defenses apply. *Francisco v. Verizon S., Inc.*, No. 3:09cv737, 2010 WL 2990159, at *5 (E.D. Va. July 29, 2010).

However, the Fourth Circuit has held, "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted). Further, Rule 12(f) "imposes a sizable burden on the movant, and courts typically strike defenses only when they have no possible relation to the controversy." *Lopez v. Asmar's Mediterranean Food, Inc.*, 2011 WL 98573, at *1 (E.D. Va. Jan. 10, 2011) (internal quotations omitted). When a motion to strike is granted, the Court should generally grant leave to amend the stricken pleading. *Old Dominion Univ. Research Found. v. Aqua Terra Int'l, LLC*, No. 2:14CV305, 2014 WL 5790944, at *3 (E.D. Va. Nov. 5, 2014) (citing *Grant*, 2014 WL 792119, at *3).

### III. DISCUSSION

In its Motion to Dismiss Counterclaim and Strike Affirmative Defense, Plaintiff asserts that Defendant merely lists code sections and fails to allege any facts to support its counterclaim or affirmative defense of invalidity. In its Opposition, Defendant argues that different standards govern the pleading of counterclaims and affirmative defenses and asserts that it has complied with the requisite standards. Defendant contends that Rule 8(c) requiring a defendant to "affirmatively state any avoidance or affirmative defense" and the pre-*Twombly/Iqbal* standard of "whether the challenged defense are contextually comprehensible and possibly related to the

4

controversy" govern affirmative defenses rather than Rule 8(a) and the *Twombly/Iqbal* standards as Plaintiff alleges. *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 2871432, at *2 (E.D. Va. June 24, 2014). Defendant also contends that although Rule 8(a) and *Twombly/Iqbal* govern counterclaims, Defendant's counterclaim is sufficiently detailed to meet these standards.

Defendant offers three public policy concerns to support its position: 1) the Federal Circuit has approved the use of the "bare bones" template of Form 18 in the Appendix of the Federal Rules of Civil Procedure by plaintiffs, so Defendant's pleading should be considered sufficiently detailed. 2) Plaintiff had seven years to develop its claim, which does not identify which of the 61 claims of the patent have been infringed, while Defendant only had two months to respond to Plaintiff's Complaint, and 3) based on the orderly course of patent infringement cases, Plaintiff should first provide its infringement contentions in order for Defendant to provide a more detailed response. Defendant also adds details in its response regarding the specific grounds on which the patent is invalid and requests leave to amend its Answer pursuant to Rule 15(a)(2) if the Court grants Plaintiff's Motion.

Defendant's counterclaim alleging invalidity states in relevant part:

> "Dollar General denies IPMS's allegations of infringement and asserts that one or more of the claims of the '001 Patent are invalid because they fail to meet the patentability requirements of Title 35, United States Code, including but not limited to 35 U.S.C. § 101, 102, 103 and/or 112." Answer 10-11, ¶ 16.

Defendant agrees with Plaintiff that *Twombly/Iqbal* provides the appropriate standard to evaluate the sufficiency of the counterclaim. The Fourth Circuit has held, "To survive the motion [to dismiss], a complaint (or counterclaim, as is the case here) must contain sufficient facts to state a claim that is 'plausible on its face.'" *E.I. du Pont de Nemours & Co. v. Kolon*

5

*Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In accordance, the Eastern District of Virginia has held, "[A] complaint or counterclaim must raise 'more than a sheer possibility' that the party is liable, and go beyond pleading facts that are 'merely consistent with a [party's] liability.'" *Meijer v. Thompson*, 655 F. Supp. 2d 607, 623 (E.D. Va. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

According to this standard, Defendant has failed to provide any facts to support its counterclaim. In a similar case, the Eastern District of Virginia held, "[A]s evidenced by defendant's answer, the claim of patent invalidity is based on a laundry list of United States Code sections. ... Sections 101, 102, 103, and 112 offer numerous grounds for finding a patent invalid, and thus a defendant must provide a more specific statement of the grounds for invalidity in order to give the patent holder notice of the defense." *TecSec, Inc. v. Protegrity, Inc.*, No. CIVA2:01CV233, 2001 WL 802064, at *2 (E.D. Va. June 27, 2001) (internal citations omitted) (citing *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 41 U.S.P.Q.2d 1770, 1773 (N.D. Cal. 1996); *Boss Prods. Corp. v. Tapco Int'l Corp.*, 2001 WL 135819, at *2 (W.D.N.Y. Feb. 16, 2001)). As in *TecSec*, Defendant merely lists code sections without referencing specific content of the sections or any facts supporting its counterclaim of invalidity. Therefore, Defendant's counterclaim fails to state a claim upon which relief can be granted.

Defendant's affirmative defense alleging invalidity states:

> "Each and every claim of United States Patent No. 7,287,001 is invalid, unenforceable, and/or void due to failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100, et seq., including without limitation 35 U.S.C. §§ 101-103, 112, 116 and for double patenting." Answer 6, ¶ 45, ECF No. 13.

Prior to the Supreme Court's decisions in *Twombly* and *Iqbal*, the Court held:

6

> [A]ll the Rules require is 'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley v. Gibson*, 355 U.S. 41, 47-48 *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

In accordance, the Fourth Circuit held that "general statements of affirmative defenses were sufficient provided they gave plaintiffs fair notice of the defense." *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 2871432, at *2 (E.D. Va. June 24, 2014); *see Clem v. Corbeau*, 98 Fed. Appx. 197, 203 (4th Cir. 2004) ("'An affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.'") (quoting 5 Charles Allan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274, at 455-56 (2d ed. 1990)).

Since the *Twombly* and *Iqbal* decisions, Fourth Circuit district courts are divided on whether the *Twombly/Iqbal* standard applies to affirmative defenses, and the Fourth Circuit Court of Appeals has not yet resolved this issue. *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 233-34 (E.D.N.C. 2010) ("Neither the Fourth Circuit Court of Appeals, nor any other circuit court of appeals, has addressed whether *Twombly* and *Iqbal* should be interpreted as applying to affirmative defenses. There is a split of authority among the district courts to address the question. The majority of the district courts—including every district court within the Fourth Circuit to have considered the issue—have concluded that the plausibility standard articulated in

*Twombly* and *Iqbal* applies to the pleading of affirmative defenses.") (citing *Francisco v. Verizon S., Inc.*, No. 3:09cv737, 2010 WL 2990159, at *7-8 (E.D. Va. July 29, 2010) (collecting cases); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 535-37 (D. Md. July 27, 2010); *Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 WL 2605179, at *5 (W.D. Va. June 24, 2010)); see also *Pennell v. Vacation Reservation Ctr., LLC*, No. 4:11CV53, 2011 WL 6960814, at *3 (E.D. Va. Sept. 20, 2011) ("This conflict is not confined to the courts of this district. Our sister court, the Western District of Virginia, is similarly divided, compare *Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 726-27 (W.D. Va. 2010) (*Twombly/Iqbal* standard does not apply to affirmative defenses), *with Palmer v. Oakland Farms, Inc.*, No. 5:10cv29, 2010 WL 2605179, at *3-*5 (W.D. Va. June 24, 2010) (*Twombly/Iqbal* standard does apply to affirmative defenses)...."). There are also conflicting decisions on this issue within federal district courts nationwide. *See, e.g., Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051-52 (D. Nev. 2014) (holding that *Twombly/Iqbal* standard does not apply to affirmative defenses and noting intra-district split).

There is substantial difference within the Eastern District of Virginia's decisions regarding application of the *Twombly/Iqbal* standard to affirmative defenses. *See Francisco*, 2010 WL 2990159 at *1 (applying the *Twombly/Iqbal* pleading standard to affirmative defenses); *but see Malibu Media, LLC v. Guastaferro*, No. 1:14-CV-1544, 2015 WL 4603065, at *2 (E.D. Va. July 28, 2015) ("[T]his Court has held that the heightened pleadings requirements of *Iqbal* and *Twombly* do not apply to affirmative defenses."); *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 2871432, at *2 (E.D. Va. June 24, 2014) ("Having reviewed the law, the Court agrees that *Twombly/Iqbal* do not apply to the pleading of affirmative defenses."); *Grant v. Bank of Am., N.A.*, 2014 WL 792119 (E.D. Va. Feb. 25, 2014) ("[T]his Court declines to hold

8

affirmative defenses to the same pleading standards required by Rule 8(a). Instead, this Court looks to whether the challenged defenses are contextually comprehensible."); *Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10CV1218 JCC, 2011 WL 98573, at *1-*2 (E.D. Va. Jan. 10, 2011) ("To date, no appeals courts have considered whether this standard should apply to affirmative defenses as well as claims for relief. A number of district courts have addressed the issue however. Most—including every Fourth Circuit court so far—have found that *Twombly/Iqbal* should apply to affirmative defenses, though a sizeable minority has found otherwise. This Court finds itself in the minority.... [U]nder Rule 8(b)(1)(A), '[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.'") (citing *Clem v. Corbeau*, 98 F. App'x 197 (4th Cir. 2004)).

Despite disagreement over the appropriate standard that applies to the pleading of affirmative defenses, as with the counterclaim of invalidity, Defendant's affirmative defense of invalidity lacks sufficient factual support. Even applying the pre-*Twombly/Iqbal* standard, Defendant does not provide Plaintiff with sufficient information to be put on notice of the specific grounds on which the patent is allegedly invalid. Accordingly, Defendant's pleading also does not meet the more stringent *Twombly/Iqbal* standard requiring sufficient facts to indicate a plausible claim. Moreover, Defendant's policy arguments are unpersuasive and do not save its insufficient pleading.

Defendant merely lists code sections and fails to provide any facts to support its counterclaim or affirmative defense of invalidity. Defendant did not provide details about the specific grounds of the alleged invalidity until its Opposition to Plaintiff's Motion to Dismiss in which it states, "Dollar General even gives Plaintiff further context by identifying specific statutes that support invalidity due to unpatentable subject matter (35 U.S.C. § 101), anticipation (35 U.S.C. §

102), obviousness (35 U.S.C. § 103), defects in the specification (35 U.S.C. § 112), failure to correctly list inventors (35 U.S.C. § 116), and double patenting." Opp. 4, ECF 19. However, Defendant does not provide facts to support these assertions. Therefore, Defendant failed to sufficiently plead the counterclaim and affirmative defense of invalidity in its Answer.

## IV. CONCLUSION

Despite contention over the proper standard that applies to sufficiently plead affirmative defenses, Defendant must provide facts to support its counterclaims and affirmative defenses. Defendant fails to provide any facts to support its counterclaim and affirmative defense of invalidity. For the reasons stated herein, Plaintiff's Motion to Dismiss Count Two of the Counterclaim and to Strike the Third Affirmative Defense is **GRANTED**. However, Defendant is **GRANTED** leave to amend its Answer within **FIFTEEN (15) DAYS** of the date of this Order.

**IT IS SO ORDERED.**

Norfolk, Virginia
January 5, 2016

/s/
Raymond A. Jackson
United States District Judge